DANIEL S. LIM (Cal. Bar No. 292406)
Email: limda@sec.gov
CHRISTOPHER A. NOWLIN (Cal. Bar No. 268030)
Email: nowlinc@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Katharine E. Zoladz, Associate Regional Director
Gary Y. Leung, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**F I L E D**
CLERK, U.S. DISTRICT COURT
May 16, 2023
CENTRAL DISTRICT OF CALIFORNIA
BY: _____DVE_____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Southern Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  vs.<br><br>INTEGRATED NATIONAL RESOURCES, INC. dba WEEDGENICS, ROLF MAX HIRSCHMANN aka "MAX BERGMANN," PATRICK EARL WILLIAMS,<br><br>    Defendants, and<br><br>WEST COAST DEVELOPMENT LLC, INR CONSULTING LLC (WYOMING ENTITY), OCEANS 19 INC., AUTOBAHN PERFORMANCE LLC, ONE CLICK GENERAL MEDIA INC., OPUS COLLECTIVE, JOHN ERIC FRANCOM, INR-CA INVESTMENT HOLDINGS, LLC, MICHAEL DELGADO, TOTAL SOLUTION CONSTRUCTION LLC, BAGPIPE HOLDINGS LLC, BAGPIPE MULTIMEDIA LLC, TYLER CAMPBELL, INR CONSULTING LLC (CALIFORNIA ENTITY), HIDDEN SPRINGS HOLDINGS GROUP LLC, and ALEXANDRIA PORTER BOVEE aka "AIA MONTGOMERY,"<br><br>    Relief Defendants. | Case No. **8:23-cv-00855-JWH (KESx)**<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDERS:**<br>**(1) FREEZING ASSETS;**<br>**(2) APPOINTING A TEMPORARY RECEIVER;**<br>**(3) REQUIRING ACCOUNTINGS;**<br>**(4) PROHIBITING THE DESTRUCTION OF DOCUMENTS; AND**<br>**(5) GRANTING EXPEDITED DISCOVERY; AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED AND A PERMANENT RECEIVER SHOULD NOT BE APPOINTED**<br><br>**(FILED UNDER SEAL)** |

Under Rule 65(b) of the Federal Rules of Civil Procedure, Plaintiff Securities and Exchange Commission ("SEC") respectfully requests, *ex parte* and without notice, that the Court issue a temporary restraining order (the "TRO Application") to stop the ongoing fraudulent scheme perpetrated by Defendants Integrated National Resources, Inc. dba WeedGenics ("INR"), Rolf Max Hirschmann, aka "Max Bergmann," and Patrick Earl Williams (collectively "Defendants") and for orders against Defendants and Relief Defendants West Coast Development LLC ("WCD"), INR Consulting LLC (Wyoming Entity) ("INR Consulting/Williams"), Oceans 19 Inc. ("Oceans 19"), Autobahn Performance LLC ("Autobahn"), One Click General Media Inc. ("One Click"), Opus Collective ("Opus"), John Eric Francom ("Francom"), INR-CA Investment Holdings, LLC ("INR-CA"), Michael Delgado ("Delgado"), Total Solution Construction LLC ("Total Solution"), Bagpipe Holdings LLC ("Bagpipe Holdings"), Bagpipe Multimedia LLC ("Bagpipe Multimedia"), Tyler Campbell ("Campbell"), INR Consulting LLC (California Entity) ("INR Consulting/Campbell"), Hidden Springs Holdings Group LLC ("Hidden Springs"), and Alexandria Porter Bovee, also known as "Aia Montgomery" ("Bovee") (collectively "Relief Defendants") freezing assets, requiring accountings, prohibiting the destruction of documents and granting expedited discovery. The SEC's TRO Application also asks the Court, among other things, to appoint a temporary receiver, to freeze the Defendants' assets in order to preserve the *status quo* pending a preliminary injunction hearing, to prohibit the destruction of documents, and to grant the parties expedited discovery in advance of a preliminary injunction hearing.

The SEC's TRO Application is based on the SEC's complaint, as well as its accompanying Memorandum of Points and Authorities, its supporting declarations and exhibits, and any such other evidence and argument as the Court may receive and permit.

Counsel for the SEC has not advised the Defendants or their counsel of the date, time or substance of its TRO Application.

### A.    Basis for Waiver of Notice under Rule 65(b)

The SEC requests that the Court relieve the SEC of its obligation to notify the Defendants of its TRO Application. The waiver of notice is appropriate under Rule 65(b) of the Federal Rules of Civil Procedure and Local Rule 7-19.2 because specific facts show that "immediate and irreparable injury, loss, or damage will result" if the Defendants are notified of the SEC's TRO Application before it is heard. FED. R. CIV. P. 65(b); L.R. 7-19.2.

This is true because the Defendants' fraudulent scheme is ongoing. As set forth in more detail in the SEC's supporting papers, this case concerns a fraudulent and ongoing stock offering by Defendant INR and its principals, Defendants Williams and Bergmann. From around June 2019 to the present, Defendants raised more than $61.7 million from investors by means of a dissembled story of past success and future growth in the cannabis business. They told investors that since 2017, INR had generated tens of millions of dollars in annual operating revenue year-over-year from INR's established cultivation operation in Las Vegas. They told investors that their funds would be used to expand INR's business by developing a new Adelanto, California grow facility which, once up and running, would boost INR's revenues by more than $38 million annually. And they told investors that this sustained history of profitable operations in Nevada, in tandem with INR's plans for expansion into California, presented an investment opportunity they could not miss. According to defendants, an investment in INR was stable and the outsized returns INR promised – up to 36% per annum, with a full return of investor principal at the end of a five-year term – were all but guaranteed. All of this was a lie.

Marijuana is a highly-regulated business. State and municipal permits are required to legally operate a cannabis cultivation facility, yet California, Nevada, and City of Adelanto permitting authorities have no record of INR lawfully operating within their jurisdictions. If that were not enough, a forensic analysis of the INR operating accounts that received over-$60 million in investor funds confirms the

fabulist quality of defendants' representations. That analysis found no indicia of operational activity consistent with what INR claimed to defrauded investors. Rather, the more than 20,000 fund transfers examined show: no meaningful operational revenue or legitimately incurred expenses; that nearly all funds received by the corporate INR accounts are comprised of investor funds; and the vast majority of those funds were dissipated by defendants to (i) make Ponzi-like payments and/or (i) to enrich themselves at the expense of defrauded INR investors. For their part, the relief defendants in this case collectively received tens of millions of dollars of investor funds, and defendants and relief defendants all transferred or shuffled substantial sums of investor money between a tangled web of financial accounts under their control, as shown below:



If the Defendants are given notice of the TRO Application, they will continue their fraudulent scheme and will continue to dissipate and misuse funds from new and existing investors, thus placing the stolen funds beyond the reach of the Court. The

danger of asset dissipation and continuing unlawful conduct are each independently accepted bases for granting a temporary restraining order without notice under Rule 65(b).  *See*, *e.g.*, *SEC v. Horwitz*, No. 21-cv-02927-CAS-PD at Dkt. No. 18 (C.D. Cal. Apr. 6, 2021); *SEC v. King*, No. 20-cv-02398-JVS-DFM at Dkt. No. 12 (C.D. Cal. Dec. 28, 2020); *SEC v. Schooler*, No. 12–CV–2164–LAB–JMA2012 WL 4049956, at *2 (S.D. Cal. Sept. 13, 2012); *3BA Int'l LLC v. Lubahn*, No. C10–829RAJ, 2010 WL 2105129, at *5 (W.D. Wash. May 20, 2010).  The Court's immediate intervention would help prevent continuing violations of the federal securities laws and preserve the *status quo* to stop the Defendants' further dissipation of investor funds.  *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (purpose of temporary restraining order is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer").

Finally, there are signs that defendants' securities offering fraud is spiraling towards a disastrous end.  Last fall, in September 2022, Relief Defendant Bovee – who identified herself as "Aia Montgomery" – began to contact INR investors on the company's behalf to ask them to voluntarily restructure their investments.  "Aia Montgomery" offered two options to INR investors:  (1) convert their INR investments into "preferred stock equity" for which they would no longer receive monthly interest payments; or (2) agree to a withdrawal arrangement with INR.  As for this "withdrawal arrangement," INR has refused to repay investor principal immediately, instead offering only gradual repayment over a course of years.

In spite of all this, INR's website continues to be publicly available online, and it still invites the public to contact INR about investing.  Press releases issued by INR in January 2023 –titled "Integrated National Resources inc. Continues WeedGenics Expansions In 2023" – claim "yet another successful year of growth and increasing profitability" and tout continuing expansion for "this industry-leading corporation."  In February and March 2023 alone, the company raised roughly $5.8 million from

investors. While investor funds raised dipped to about $205,000 in April, INR took on new investment as recently as <u>April 18</u> (the last day reflected in monthly account statements produced to the SEC). Given defendants' rampant fraud to date, every additional dollar invested by an unsuspecting INR victim risks an unredressable harm.

### B.     Request to File the TRO Application under Seal

Because its TRO Application is made without notice, the SEC has concurrently filed a separate *ex parte* application that the Court seal the TRO Application and the supporting documents. The requested sealing order is of limited duration—the SEC asks only that the documents be sealed until two business days after the Court issues its decision. The SEC makes this request to ensure that its TRO Application is not publicly posted on PACER before the Court issues its ruling. If the papers are not filed under seal, posting them on PACER would make the TRO Application and supporting papers publicly available, defeating the purpose of filing the TRO Application without notice. If the Defendants and Relief Defendants receive notice of the matter before the Court issues its ruling, they may move, dissipate, or conceal assets before the requested asset freeze is put in place.

### C.     Relief Requested

Because of the ongoing nature of the fraudulent scheme and the danger that Defendants and Relief Defendants will dissipate investor funds, the SEC seeks to temporarily enjoin Defendants from violating the antifraud provisions of the securities laws, and from continuing to raise investor capital through unregistered securities offerings. The SEC seeks to freeze the assets of the Defendants and their subsidiaries and affiliates, the assets of the Relief Defendants, and all other assets traceable to INR's offering fraud. The SEC requests that the Court appoint a receiver over the entity Defendants and Relief Defendants, and their subsidiaries and affiliates, including but not limited to: Defendant Integrated National Resources, Inc. dba WeedGenics, and Relief Defendants West Coast, INR Consulting/Williams,

Oceans 19, Autobahn, One Click, Opus, INR-CA, Total Solution, Bagpipe Holdings, Bagpipe Multimedia, INR Consulting/Campbell, and Hidden Springs.  The SEC requests an order prohibiting the destruction of documents, allowing expedited discovery, requiring Defendants and Relief Defendants to provide accountings.

Finally, the SEC requests an order to show cause why a preliminary injunction should not be granted and a permanent receiver not be appointed.

### D.     Local Rule 7-19 Disclosure

It is not known whether Defendants and Relief Defendants are represented by counsel.

Dated:  May 16, 2023                                      Respectfully submitted,

/s/ Daniel S. Lim
DANIEL S. LIM
CHRISTOPHER A. NOWLIN
GARY Y. LEUNG
Attorney for Plaintiff
Securities and Exchange Commission