# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    vs.<br><br>INTEGRATED NATIONAL RESOURCES, INC. dba WEEDGENICS, ROLF MAX HIRSCHMANN aka "MAX BERGMANN," PATRICK EARL WILLIAMS,<br><br>    Defendants, and<br><br>WEST COAST DEVELOPMENT LLC, INR CONSULTING LLC (WYOMING ENTITY), OCEANS 19 INC., AUTOBAHN PERFORMANCE LLC, ONE CLICK GENERAL MEDIA INC., OPUS COLLECTIVE, JOHN ERIC FRANCOM, INR-CA INVESTMENT HOLDINGS, LLC, MICHAEL DELGADO, TOTAL SOLUTION CONSTRUCTION LLC, BAGPIPE HOLDINGS LLC, BAGPIPE MULTIMEDIA LLC, TYLER CAMPBELL, INR CONSULTING LLC (CALIFORNIA ENTITY), HIDDEN SPRINGS HOLDINGS GROUP LLC, and ALEXANDRIA PORTER BOVEE aka "AIA MONTGOMERY,"<br><br>    Relief Defendants. | Case No. 8:23-cv-00855-JWH-KES<br><br>**ORDER GRANTING PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S *EX PARTE* APPLICATION TO FILE ITS APPLICATION FOR A TEMPORARY RESTRAINING ORDER UNDER SEAL FOR A LIMITED TIME AND LEAVE TO FILE ITS OVERSIZED MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**(FILED UNDER SEAL)** |

Plaintiff Securities and Exchange Commission ("SEC"), having applied for an order directing that certain pleadings and other documents filed with the Court in this case be filed under seal, and for an order granting the SEC leave to file an oversized memorandum of points and authorities in support of its TRO Application *instanter*, and good cause appearing therefore, it is hereby **ORDERED** as follows:

1. The entire file and the docket in this action, including this Order, be sealed, and that all documents filed thus far with the Court in this action, including:

    a. the SEC's Complaint;

    b. the SEC's *Ex Parte* Application for a Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Appointing a Temporary Receiver; (3) Requiring Accountings; (4) Prohibiting the Destruction of Documents; and (5) Granting Expedited Discovery; and Order to Show Cause Why a Preliminary Injunction Should Not Be Granted and a Receiver Should Not Be Appointed;

    c. the SEC's *Ex Parte* Application to File Its Application for a Temporary Restraining Order Under Seal for a Limited Time;

    d. the SEC's Recommendation That Krista Freitag Be Appointed Receiver;

    e. the SEC's Memorandum of Points and Authorities Supporting the *Ex Parte* Application for a Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Appointing a Temporary Receiver; (3) Requiring Accountings; (4) Prohibiting the Destruction of Documents; and (5) Granting Expedited Discovery; and Order to Show Cause Why a Preliminary Injunction Should Not Be Granted and a Receiver Should Not Be Appointed;

    f. Declaration of Christopher A. Nowlin;

    g. Declaration of Stephen Bucci;

    h. Declaration of Charisse Diaz;

    i. Declaration of Jaimie Lewis;

    j.  Declaration of David Staley; and

    k.  Temporary Restraining Order and Orders:  (1) Freezing Assets; (2) Appointing a Temporary Receiver; (3) Requiring Accountings; (4) Prohibiting the Destruction of Documents; and (5) Granting Expedited Discovery; and Order to Show Cause Why a Preliminary Injunction Should Not Be Granted and a Receiver Should Not Be Appointed,

(collectively, the "TRO Application"), be filed under seal, and that the file remain sealed until two business days after the Court issues its ruling on the TRO Application.  No further order of the Court shall be necessary for the Clerk of Court to unseal the file.

  2.  The SEC is granted leave to file a 31-page memorandum of points and authorities in support of its TRO Application *instanter*.

  3.  This Order shall not be construed to prohibit the SEC or its attorneys or agents from disclosing the existence of this action or the TRO Application to the receiver (should one be appointed), process servers, banks or financial institutions, and other third parties to the extent the SEC deems necessary.

**IT IS SO ORDERED.**

Dated:  ___May 19___, 2023

                UNITED STATES DISTRICT JUDGE