# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>INTEGRATED NATIONAL RESOURCES, INC. dba WEEDGENICS,<br>ROLF MAX HIRSCHMANN aka "MAX BERGMANN,"<br>PATRICK EARL WILLIAMS,<br><br>  Defendants, and<br><br>WEST COAST DEVELOPMENT LLC,<br>INR CONSULTING LLC (WYOMING ENTITY),<br>OCEANS 19 INC.,<br>AUTOBAHN PERFORMANCE LLC,<br>ONE CLICK GENERAL MEDIA INC.,<br>OPUS COLLECTIVE,<br>JOHN ERIC FRANCOM,<br>INR-CA INVESTMENT HOLDINGS, LLC,<br>MICHAEL DELGADO,<br>TOTAL SOLUTION CONSTRUCTION LLC,<br>BAGPIPE HOLDINGS LLC,<br>BAGPIPE MULTIMEDIA LLC,<br>TYLER CAMPBELL, | Case No. 8:23-cv-00855-JWH-KES<br><br>**TEMPORARY RESTRAINING ORDER AND ORDERS:<br>(1) FREEZING ASSETS;<br>(2) APPOINTING A TEMPORARY RECEIVER; (3) REQUIRING ACCOUNTINGS;<br>(4) PROHIBITING THE DESTRUCTION OF DOCUMENTS; AND<br>(5) GRANTING EXPEDITED DISCOVERY; AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED AND A PERMANENT RECEIVER SHOULD NOT BE APPOINTED** |

INR CONSULTING LLC (CALIFORNIA ENTITY), HIDDEN SPRINGS HOLDINGS GROUP LLC, and ALEXANDRIA PORTER BOVEE aka "AIA MONTGOMERY,"

Relief Defendants.

This matter came before the Court upon the *Ex Parte* Application of the Securities and Exchange Commission (the "SEC") for a Temporary Restraining Order and Orders (1) Freezing Assets; (2) Appointing a Temporary Receiver; (3) Requiring Accountings; (4) Prohibiting the Destruction of Documents; (5) Granting Expedited Discovery; and Order to Show Cause Why a Preliminary Injunction Should Not be Granted and a Permanent Receiver Should Not be Appointed (the "TRO Application").

## I. FINDINGS OF FACT

The Court, having considered the SEC's Complaint, the TRO Application, and supporting memorandum of points and authorities, the supporting declarations and exhibits, and the other evidence and argument presented to the Court, hereby **FINDS** as follows:

A.	This Court has jurisdiction over the parties to, and the subject matter of, this action.

B.	The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77t(b), Sections 21(d) and 21(e) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78u(d) and 78u(e), by evidence establishing a *prima facie* case and reasonable likelihood that defendants Patrick Earl Williams ("Williams"), Rolf Max Hirschmann, also known as "Max Bergmann" ("Hirschmann"), and Integrated National Resources, Inc., doing business as "WeedGenics" ("INR") (collectively, "Defendants"), have engaged in, are engaging in, are about to engage in, and will continue to engage in unless restrained transactions, acts, practices and courses of business that constitute violations of Section 10(b) of the Exchange Act, 15 U.S.C. §§ 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

C. Good cause exists to warrant the appointment of a temporary receiver over Defendant INR, and Relief Defendants West Coast, INR Consulting/Williams, Oceans 19, Autobahn, One Click, Opus, INR-CA, Total Solution, Bagpipe Holdings, Bagpipe Multimedia, INR Consulting/Campbell, and Hidden Springs.

D. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants Williams, Hirschmann, INR, and Relief Defendants West Coast Development LLC ("WCD"), INR Consulting LLC (Wyoming Entity) ("INR Consulting/Williams"), Oceans 19 Inc. ("Oceans 19"), Autobahn Performance LLC ("Autobahn"), One Click General Media Inc. ("One Click"), Opus Collective ("Opus"), John Eric Francom ("Francom"), INR-CA Investment Holdings, LLC ("INR-CA"), Michael Delgado ("Delgado"), Total Solution Construction LLC ("Total Solution"), Bagpipe Holdings LLC ("Bagpipe Holdings"), Bagpipe Multimedia LLC ("Bagpipe Multimedia"), Tyler Campbell ("Campbell"), INR Consulting LLC (California Entity) ("INR Consulting/Campbell"), Hidden Springs Holdings Group LLC ("Hidden Springs"), and Alexandria Porter Bovee, also known as "Aia Montgomery" ("Bovee") (collectively, "Relief Defendants"), will dissipate, conceal, or transfer assets which could be the subject to an order directing disgorgement or the payment of civil money penalties in this action. It is thus appropriate for the Court to issue this Temporary Restraining Order so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

E. Good cause exists to believe that an accounting of assets by each of the Defendants and Relief Defendants is necessary.

F. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants and Relief Defendants may alter or destroy documents relevant to this action.

-4-

G.  Good cause exists to believe that expedited discovery is necessary.

## II.  ORDER

Good cause appearing therefor, it is hereby **ORDERED** as follows:

1.  The SEC's TRO Application is **GRANTED**.

2.  Defendants and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily **RESTRAINED** and **ENJOINED** from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

   a.  employing any device, scheme, or artifice to defraud;

   b.  obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

   c.  engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

   in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

3.  As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise:

   a.  Defendants' officers, agents, servants, employees, and attorneys; and

   b.  other persons in active concert or participation with any of Defendants or with anyone described in Paragraph 3.a.

4.  Defendants and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or

participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily **RESTRAINED** and **ENJOINED** from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    a.    employing any device, scheme, or artifice to defraud;

    b.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    c.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person; in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

5.    As provided in Rule 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise:

    a.    Defendants' officers, agents, servants, employees, and attorneys; and

    b.    other persons in active concert or participation with any of the Defendants or with anyone described in Paragraph 5.a.

6.    Defendants Williams and Hirschmann, including but not limited to through any entity owned or controlled by defendants Williams or Hirschmann, respectively, are hereby **PROHIBITED** from participating in the issuance, purchase, offer, or sale of any security in an unregistered offering by any issuer; provided, however, that such injunction shall not prevent them from purchasing or selling securities for their own personal accounts.

7. Except as otherwise ordered by this Court, Defendants and Relief Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily **RESTRAINED** and **ENJOINED** from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of any one of the Defendants or Relief Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of any one of the Defendants or Relief Defendants or their subsidiaries and affiliates.

8. Except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank, financial institution or brokerage firm, or third-payment payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants or Relief Defendants, including but not limited to the accounts listed below:

| BROKERAGE/BANK NAME | ACCOUNT HOLDER | ACCOUNT NO. |
|---|---|---|
| Wells Fargo | Oceans 19 Inc. | x0622 |
| Wells Fargo | Oceans 19 Inc. | x0630 |
| Wells Fargo | Autobahn Performance LLC | x7580 |
| Bank of America | INR Consulting LLC (California Entity) | x8245 |
| Wells Fargo | Bagpipe Multimedia LLC | x9841 |
| Chase | INR-CA Investment Holdings, LLC | x9758 |
| Bank of America | Hidden Springs Holdings LLC | x2906 |
| Bank of America | Integrated National Resources, Inc. | x2774 |
| Bank of America | Integrated National Resources, Inc. | x2826 |
| Bank of America | Integrated National Resources, Inc. | x8179 |
| Bank of America | West Coast Development LLC | x1154 |
| Bank of America | West Coast Development LLC | x5209 |

| BROKERAGE/ BANK NAME | ACCOUNT HOLDER | ACCOUNT NO. |
|---|---|---|
| J.P. Morgan Chase Bank | West Coast Development LLC | x5967 |
| Wells Fargo Bank | INR Consulting LLC (Wyoming Entity) | x8663 |
| J.P. Morgan Chase Bank | Oceans 19 Inc. | x5553 |
| J.P. Morgan Chase Bank | Oceans 19 Inc. | x7558 |
| J.P. Morgan Chase Bank | Autobahn Performance LLC | x7189 |
| J.P. Morgan Chase Bank | Autobahn Performance LLC | x9971 |
| J.P. Morgan Chase Bank | Opus Collective | x7336 |
| J.P. Morgan Chase Bank | One Click General Media Inc. | x9280 |
| Bank of the West | Total Solution Construction LLC | x1424 |
| U.S. Bank | Total Solution Construction LLC | x2060 |
| J.P. Morgan Chase Bank | Bagpipe Holdings LLC | x6539 |

| BROKERAGE/ BANK NAME | ACCOUNT HOLDER | ACCOUNT NO. |
|---|---|---|
| U.S. Bank | INR Consulting LLC (California Entity) | x6397 |
| American Express Bank | Rolf Hirschmann | Unknown |
| Capital One Bank | Rolf Hirschmann | Unknown |
| Citibank | Rolf Hirschmann | Unknown |
| Comenity Bank | Rolf Hirschmann | Unknown |
| Wells Fargo Bank | Opus Collective | Unknown |
| Navy Federal Credit Union | Patrick Williams | x3977 |
| Truist Bank | Patrick Williams | x5936 |
| Bank of America | Patrick Williams | x9852 |
| Capital One | Patrick Williams | Unknown |
| Credit One Bank | Patrick Williams | Unknown |
| First Savings Bank | Patrick Williams | Unknown |
| Continental Finance | Patrick Williams | Unknown |
| Navy Federal Credit Union | West Coast Development LLC | Unknown |

| BROKERAGE/ BANK NAME | ACCOUNT HOLDER | ACCOUNT NO. |
|---|---|---|
| Truist Bank | Traffic Jam Promotion | x2113 |
| Bank of America | Michael Delgado | x4037 |
| American First Credit Union | Michael Delgado | x5680 |
| Farmers and Merchants Bank | Michael Delgado | x8309 |
| J.P. Morgan Chase Bank | Michael Delgado | x1793 |
| Wells Fargo Bank | Michael Delgado | x8294 |
| Farmers and Merchants Bank | Bagpipe Holdings LLC | x2600 |
| American First Credit Union | Bagpipe Multimedia LLC | x6780 |
| U.S. Bank | Tyler Campbell | x5068 |
| Wells Fargo Bank | Tyler Campbell | x8466 |
| Bank of America | Tyler Campbell | x3094 |
| Federal National Bank (Fidelity) | John Eric Francom | x1781 |
| Independent Bank | 121 E HWY 80 LLC | Unknown |

| BROKERAGE/ BANK NAME | ACCOUNT HOLDER | ACCOUNT NO. |
|---|---|---|
| First State Ban (Athens, TX) | 119 E HWY 80 LLC | x7670 |
| USAA Bank | Alexandria Porter Bovee | x9218 |

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies and assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer, or other disposal of any such funds or other assets except as otherwise ordered by this Court.

9. Defendants and Relief Defendants, within five days of the issuance of this Order, shall prepare and deliver to the SEC a detailed and complete schedule of all of their personal assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, and other accounts identified by institution, branch address and account number. The accounting shall include a description of the sources of all such assets. Such accounting shall be simultaneously filed with the Court and a copy shall be delivered to the SEC to the attention of Gary Y. Leung, Daniel S. Lim, and Christopher A. Nowlin, counsel for the SEC. After completion of the accounting, each of the Defendants and Relief Defendants shall produce to the SEC at a time agreeable to the SEC, all books, records, and other documents supporting or underlying their accounting.

10. Any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses, or controls assets exceeding $5,000 for the account or benefit of any one of the Defendants or the Relief Defendants, shall within five (5) days of receiving actual notice of this Order

provide counsel for the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

11. Except as otherwise ordered by this Court, each of the Defendants and Relief Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants or Relief Defendants.

12. The SEC's application for expedited discovery concerning Defendants and Relief Defendants and their assets and activities, is **GRANTED** and, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 and the corresponding Local Rules of this Court, discovery shall proceed as follows:

    a. Pursuant to Rule 30(a), the SEC may take video depositions of parties or any third parties upon oral examination on two days' notice of any such deposition. Depositions may be taken Monday through Saturday. As to Defendants and Relief Defendants, and their agents, servants, promoters, employees, brokers, associates, and any person who transferred money to or received money from the bank accounts identified

above, the SEC may depose such witnesses after serving a deposition notice by facsimile, electronic mail, hand, or overnight courier upon such individuals, and without serving a subpoena on such witness. Depositions that have not been signed by the witness may be used for purposes of the hearing on the SEC's application for preliminary injunction;

  b. Pursuant to Rule 33(a), Defendants and Relief Defendants shall answer up to 10 of the SEC's interrogatories, including subparts, which shall be answered within five days of service of such interrogatories;

  c. Pursuant to Rule 34(b), Defendants and Relief Defendants shall produce all documents in response to up to 10 of the SEC's document requests within five days of service of such requests, with production of the documents made by overnight courier to Gary Y. Leung, Daniel S. Lim, and Christopher A. Nowlin, U.S. Securities and Exchange Commission, 444 S. Flower Street, Suite 900, Los Angeles, CA 90071, or such person or place as counsel for the SEC may direct in writing;

  d. Pursuant to Rule 36(a), each Defendant shall respond to up to 15 of the SEC's requests for admission within five days of such requests;

  e. Pursuant to Rule 45 and the applicable provisions in the Securities Act and Exchange Act, each party may serve subpoenas to third parties;

  f. Written discovery propounded and depositions taken pursuant to this section of this Order shall not count against the limitations on the number or duration of written discovery and depositions set forth in the Federal Rules of Civil Procedure; and

   g. All written responses to the SEC's requests for discovery under the Federal Rules of Civil Procedure, including the SEC's interrogatories and the SEC's requests for admission, shall be delivered by email and overnight courier to the SEC to the attention of Gary Y. Leung, Daniel S. Lim, and Christopher A. Nowlin, U.S. Securities and Exchange Commission, 444 S. Flower Street, Suite 900, Los Angeles, CA 90071, email addresses: leungg@sec.gov, limda@sec.gov, and nowlinc@sec.gov, or such other place and person as counsel for the SEC may direct in writing.

13. Krista L. Freitag of E3 Advisors is **APPOINTED** as temporary receiver over Defendant INR, and Relief Defendants West Coast, INR Consulting/Williams, Oceans 19, Autobahn, One Click, Opus, INR-CA, Total Solution, Bagpipe Holdings, Bagpipe Multimedia, INR Consulting/Campbell, and Hidden Springs (collectively, the "Receivership Entities"), their subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers, and other property belonging to, being managed by or in the possession of or control of the Receivership Entities, and that such receiver is immediately authorized, empowered, and directed:

   a. to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, pledged as collateral, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by Receivership Entities and its subsidiaries and affiliates (collectively, the "Assets"), with full power to sue, foreclose, marshal, collect, receive, and take into possession all

such Assets (including access to and taking custody, control, and possession of all such Assets);

  b. to assume full control of Receivership Entities and their subsidiaries and affiliates by removing, as the receiver deems necessary or advisable, any director, officer, attorney, independent contractor, employee, or agent of Receivership Entities and their subsidiaries and affiliates, and any named Defendant or Relief Defendant, from control of, management of, or participation in, the affairs of Receivership Entities and their subsidiaries and affiliates;

  c. to have control of, and to be added as the sole authorized signatory for, all accounts of the Receivership Entities, including all accounts at any bank, title company, escrow agent, financial institution, or brokerage firm (including any futures commission merchant) which has possession, custody or control of any Assets, or which maintains accounts over which Receivership Entities and their subsidiaries and affiliates, and/or any of their employees or agents have signatory authority;

  d. to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by Receivership Entities and their subsidiaries and affiliates, and to engage and employ attorneys, accountants, and other persons to assist in such investigation and discovery;

  e. to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any Assets;

  f. to choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

-16-

  g. to make an accounting, as soon as practicable, to this Court and the SEC of the assets and financial condition of Receivership Entities and their subsidiaries and affiliates, and to file the accounting with the Court and deliver copies thereof to all parties;

  h. to make such payments and disbursements from the Assets taken into custody, control, and possession or thereafter received by him or her, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as temporary receiver;

  i. to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature that may now or hereafter exist as a result of the activities of present or past employees or agents of Receivership Entities and their subsidiaries and affiliates;

  j. to institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts, which:

    i. the receiver deems necessary and advisable to preserve or recover any Assets, or

    ii. the receiver deems necessary and advisable to carry out the receiver's mandate under this Order; and

  k. to have access to and monitor all mail, electronic mail, and video phone of the Receivership Entities in order to review such mail, electronic mail, and video phone which he or she deems relates to their business and the discharging of his or her duties as temporary receiver.

14. Defendants and Relief Defendants, and their subsidiaries and affiliates, including all of Receivership Entities, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody,

possession or control of any assets, collateral, books, records, papers, or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the temporary receiver.

15. No officer, agent, servant, employee or attorney of Defendants or Relief Defendants shall take any action or purport to take any action, in the name of or on behalf of the Receivership Entities or their subsidiaries or affiliates without the written consent of the temporary receiver or order of this Court.

16. This Temporary Restraining Order shall expire at 5:00 p.m. on June 2, 2023, or after the completion of the Preliminary Injunction Hearing, whichever comes first, unless, for good cause shown, it is extended or the parties against whom it is directed consent that it may be extended for a longer period.

17. At 9:00 a.m. on June 2, 2023, or as soon thereafter as the parties may be heard, Defendants and Relief Defendants, and each of them, shall appear in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California, to show cause, if there be any, why a preliminary injunction should not be granted. Any declarations, affidavits, points and authorities, or other submissions in support of, or in opposition to, the issuance of such an Order shall be filed with the Court and emailed to the Daniel S. Lim, counsel for the SEC, at limda@sec.gov, and the offices of Defendants or their attorneys no later than 12:00 noon on May 30, 2023. Any reply papers shall be filed with the Court and delivered to opposing counsel no later than 12:00 noon on June 1, 2023.

18. This Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

19. This Order is issued on May 19, 2023, at 10:30 a.m.

**IT IS SO ORDERED.**

Dated: May 19, 2023

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-19-