NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>    vs.<br><br>INTEGRATED NATIONAL RESOURCES, INC. dba WEEDGENICS, ROLF MAX HIRSCHMANN aka "MAX BERGMANN," PATRICK EARL WILLIAMS,<br><br>        Defendants, and<br><br>WEST COAST DEVELOPMENT LLC, INR CONSULTING LLC (WYOMING ENTITY), OCEANS 19 INC., AUTOBAHN PERFORMANCE LLC, ONE CLICK GENERAL MEDIA INC., OPUS COLLECTIVE, JOHN ERIC FRANCOM, INR-CA INVESTMENT HOLDINGS, LLC, MICHAEL DELGADO, TOTAL SOLUTION CONSTRUCTION LLC, BAGPIPE HOLDINGS LLC, BAGPIPE MULTIMEDIA LLC, TYLER CAMPBELL, INR CONSULTING LLC (CALIFORNIA ENTITY), HIDDEN SPRINGS HOLDINGS GROUP LLC, and ALEXANDRIA PORTER BOVEE aka "AIA MONTGOMERY,"<br><br>        Relief Defendants. | Case No. 8:23-cv-00855-JWH-KES<br><br>**DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE KAREN E. SCOTT**<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |

The Court, having considered the stipulation among Plaintiff Securities and Exchange Commission ("SEC"), Defendant Rolf Max Hirschmann aka "Max Bergmann," Relief Defendant John Eric Francom, Relief Defendant Michael Delgado, and Relief Defendant Alexandria Porter Bovee aka "Aia Montgomery," for entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c) and for good cause shown, hereby ORDERS as follows:

A. GOOD CAUSE STATEMENT

This action is likely to involve valuable commercial, financial, and/or technical information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential materials and information consist of, among other things, private and confidential investor information—including personal identifiable information—reflected in records pertaining to the issuance of securities, confidential business or personal financial information, commercial information (including information implicating privacy rights of third parties), and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

In particular, to comply with its discovery obligations the SEC intends to produce financial information, records, and related documents ("Investigation Materials") which the SEC obtained while investigating the conduct alleged in the Complaint. The Investigation Materials contain personal identifying information, including home addresses, Social Security numbers, bank account data, and dates of birth of numerous individuals and entities, including investors and other individuals and entities who are not parties to this action. The Investigation Materials to be produced may be subject to various federal laws protecting the privacy of financial records and personal identifiable information, including provisions of the Privacy Act, 5 U.S.C. § 552a. Because this information is voluminous and pervasive, redacting each document is impracticable and would unduly delay the production of discovery.

Accordingly, to expedite the flow of information, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, good cause for a protective order for such information exists.

B. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties acknowledge that this protective order does not alter or amend the applicability of the provisions of Federal Rule 5.2 and Local Rules 5.2-1 and 5.2-2. The parties further acknowledge that entry of the protective order does not create an entitlement or an obligation to file confidential information under seal. Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

C. PRODUCTION AND DESIGNATION OF CONFIDENTIAL INFORMATION

Subject to this protective order, the SEC may produce the Investigation Materials to Defendants without redaction. If the SEC determines that materials to be produced in discovery contain the above-described confidential information, including personal identifiable information, the SEC shall apply the following designation on the documents, on a disc cover, or in an accompanying cover letter or email: "CONTAINS CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER."[1]

D. PROTECTION OF CONFIDENTIAL INFORMATION

Defendants and their counsel may use documents and information containing confidential information only for the purposes of defending this action, and may not disclose the documents to non-parties, except as needed for the defense of the case, and only if the non-party agrees, in writing, to be bound by the terms of this

---

[1] To the extent any other party produces documents containing the above-described confidential information, they shall apply the designation to such documents, but mass, indiscriminate or routinized designations are prohibited.

protective order prohibiting the disclosure of the documents, or the confidential information contained therein, to other third parties.

To the extent that confidential information is provided, discussed or disclosed in the course of a deposition in this matter, that information shall not be disclosed to any third parties and shall remain confidential for seven days following the reporter's transmission of the deposition transcript. During that seven-day period, if a party wishes to designate a portion of the transcript as "Confidential," it shall provide notice to all parties of such Confidential designation, and if all parties stipulate[2] to such a designation request, the information shall continue to be maintained by all parties confidentially pursuant to this Protective Order. Upon notice of this stipulation, the reporter, who shall be bound by the terms of this protective order, shall designate the appropriate sections of the transcript by marking the pages with the words "CONTAINS CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER." In the absence of a stipulation, the party seeking to designate a portion of the transcript "Confidential" may, **after meeting and conferring**, file a motion with the Court **under Local Rule 37-1 or Judge Scott's online informal telephonic conference procedures** and shall bear the burden of persuasion with respect to that motion.[3]

Within 90 days of the conclusion of this action, Defendants and their counsel shall destroy all documents containing confidential information.

---

[2] The parties will treat any party's non-response to a request to designate as consent to a stipulation.

[3] If the case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order that is marked as an exhibit and used or introduced at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial as to all such information that becomes public.

4

For purposes of this stipulation and the proposed protective order, "counsel" includes any attorney, paralegal, support staff, retained expert, or vendor assisting counsel of record in this action.

### E. LIMITATIONS

Notwithstanding any other provision contained herein, this protective order shall not limit or otherwise abrogate the ability and authority of the SEC to (1) use, disclose, or retain any materials to the extent required by law; and/or (2) use or disclose any materials in a manner consistent with Section H of SEC Form 1662 (the "Routine Uses of Information").

Notwithstanding any other provision contained herein, this protective order shall not limit the use of the Investigation Materials in a deposition taken in this action. Further, this protective order does not govern the use of the Investigation Materials at trial. Any use of the Investigation Materials at trial shall be governed by the orders of the trial judge.

Notwithstanding any other provision contained herein, this Protective Order shall not limit Defendants' ability to provide information to a government agency in response to a lawful request, or in defense or response to any criminal or administrative claim, charge or allegation.

IT IS SO ORDERED.

Date: January 19, 2024

_Karen E. Scott_
HON. KAREN E. SCOTT
United States Magistrate Judge