# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br><br>     vs.<br><br>INTEGRATED NATIONAL RESOURCES, INC. dba WEEDGENICS, ROLF MAX HIRSCHMANN aka "MAX BERGMANN," PATRICK EARL WILLIAMS,<br><br>     Defendants, and<br><br>WEST COAST DEVELOPMENT LLC, INR CONSULTING LLC (WYOMING ENTITY), OCEANS 19 INC., AUTOBAHN PERFORMANCE LLC, ONE CLICK GENERAL MEDIA INC., OPUS COLLECTIVE, JOHN ERIC FRANCOM, INR-CA INVESTMENT HOLDINGS, LLC, MICHAEL DELGADO, TOTAL SOLUTION CONSTRUCTION LLC, BAGPIPE HOLDINGS LLC, BAGPIPE MULTIMEDIA LLC, TYLER CAMPBELL, INR CONSULTING LLC (CALIFORNIA ENTITY), HIDDEN SPRINGS HOLDINGS GROUP LLC, and ALEXANDRIA PORTER BOVEE aka "AIA MONTGOMERY,"<br><br>     Relief Defendants. | Case No. 8:23-cv-00855-JWH-KES<br><br>**JUDGMENT AS TO DEFENDANT ROLF MAX HIRSCHMANN AKA "MAX BERGMANN"** |

The Securities and Exchange Commission (the "Commission") having filed a Complaint and Defendant Rolf Max Hirschmann (aka "Max Bergmann") ("Defendant"), having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in Paragraph 8); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment,

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. Defendant is permanently **RESTRAINED** and **ENJOINED** from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

   a. to employ any device, scheme, or artifice to defraud;

   b. to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

   c. to engage in any act, practice, or course of business that operates or would operate as a fraud or deceit upon any person.

2. As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:

   a. Defendant's officers, agents, servants, employees, and attorneys; and

   b. other persons in active concert or participation with Defendant or with anyone described in Paragraph 2(a).

1       3.     Defendant is permanently **RESTRAINED** and **ENJOINED** from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

        a.     to employ any device, scheme, or artifice to defraud;

        b.     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

        c.     to engage in any transaction, practice, or course of business that operates or would operate as a fraud or deceit upon the purchaser.

      4.     As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:

        a.     Defendant's officers, agents, servants, employees, and attorneys; and

        b.     other persons in active concert or participation with Defendant or with anyone described in Paragraph 4(a).

      5.     Pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant is permanently **RESTRAINED** and **ENJOINED** from, directly or indirectly, including but not limited to, through any entity owned or controlled by Defendant, participating in the issuance, purchase, offer, or sale of any security in an unregistered offering other than for his own personal accounts.

      6.     As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:

/ / /

        a.     Defendant's officers, agents, servants, employees, and attorneys; and

        b.     other persons in active concert or participation with Defendant or with anyone described in Paragraph 6(a).

7. Pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)]], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d).

8. Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from June 2019, based upon the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion:

        a.     Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint;

        b.     Defendant may not challenge the validity of the Consent or this Judgment;

        c.     solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and

        d.     the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for

summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

9.  The Consent is incorporated herein with the same force and effect as if fully set forth herein, and Defendant shall comply with all of the undertakings and agreements set forth therein.

10. Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty, or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19)

11. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**IT IS SO ORDERED.**

Dated: June 14, 2024

HON. JOHN W. HOLCOMB
UNITED STATES DISTRICT JUDGE