UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRATED NATIONAL RESOURCES, INC. dba WEEDGENICS,<br>ROLF MAX HIRSCHMANN,<br>PATRICK EARL WILLIAMS,<br><br>Defendants, and<br><br>WEST COAST DEVELOPMENT LLC,<br>INR CONSULTING LLC (WYOMING ENTITY),<br>OCEANS 19 INC.,<br>AUTOBAHN PERFORMANCE LLC,<br>ONE CLICK GENERAL MEDIA INC.,<br>OPUS COLLECTIVE,<br>INR-CA INVESTMENT HOLDINGS, LLC,<br>MICHAEL DELGADO,<br>TOTAL SOLUTION CONSTRUCTION LLC,<br>BAGPIPE HOLDINGS LLC,<br>BAGPIPE MULTIMEDIA LLC,<br>TYLER CAMPBELL,<br>INR CONSULTING LLC (CALIFORNIA ENTITY), | Case No. 8:23-cv-00855-JWH-KES<br><br>**FINAL JUDGMENT AS TO DEFENDANT INTEGRATED NATIONAL RESOURCES, INC.** |

| | |
|---|---|
| 1 | HIDDEN SPRINGS HOLDINGS GROUP LLC, and |
| 2 | ALEXANDRIA PORTER BOVEE aka "AIA MONTGOMERY," |
| 3 | |
| | Relief Defendants. |
| 4 | |

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

The Securities and Exchange Commission having filed a Complaint and Defendant Integrated National Resources, Inc. (d/b/a Weedgenics) ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. Defendant is permanently **RESTRAINED** and **ENJOINED** from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    a. to employ any device, scheme, or artifice to defraud;

    b. to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    c. to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

2. As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing Paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:

    a. Defendant's officers, agents, servants, employees, and attorneys; and

    b. other persons in active concert or participation with Defendant or with anyone described in Paragraph 2(a).

3. Defendant is permanently **RESTRAINED** and **ENJOINED** from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    a. to employ any device, scheme, or artifice to defraud;

    b. to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    c. to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

4. As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing Paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:

    a. Defendant's officers, agents, servants, employees, and attorneys; and

    b. other persons in active concert or participation with Defendant or with anyone described in Paragraph 4(a).

5. Defendant is liable, jointly and severally with Relief Defendants West Coast Development LLC and INR Consulting LLC (Wyoming Entity), for disgorgement of $6,999,808, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,575,744, for a total of $9,575,552. This obligation will be deemed satisfied by the amount the Court-appointed Equity Receiver ultimately collects and distributes.

6. The Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

7. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**IT IS SO ORDERED.**

Dated: February 10, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE