UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 8:23-cv-00855-JWH-KESx |
| Plaintiff, | **FINAL JUDGMENT AS TO RELIEF DEFENDANT TYLER CAMPBELL** |
| v. | |
| INTEGRATED NATIONAL RESOURCES, INC. dba WEEDGENICS, ROLF MAX HIRSCHMANN aka "MAX BERGMANN," and PATRICK EARL WILLIAMS, | |
| Defendants, and | |
| WEST COAST DEVELOPMENT LLC, INR CONSULTING LLC (WYOMING ENTITY), OCEANS 19 INC., AUTOBAHN PERFORMANCE LLC, ONE CLICK GENERAL MEDIA INC., OPUS COLLECTIVE, JOHN ERIC FRANCOM, INR-CA INVESTMENT HOLDINGS, LLC, MICHAEL DELGADO, TOTAL SOLUTION CONSTRUCTION LLC, BAGPIPE HOLDINGS LLC, BAGPIPE MULTIMEDIA LLC, TYLER CAMPBELL, | |

|   |   |
|---|---|
| 1 | INR CONSULTING LLC (CALIFORNIA ENTITY), HIDDEN SPRINGS HOLDINGS GROUP LLC, and ALEXANDRIA PORTER BOVEE aka "AIA MONTGOMERY," |
| 2 | |
| 3 | |
| 4 | Relief Defendants. |

The Securities and Exchange Commission (the "SEC") having filed a Complaint and Motion for Remedies against Relief Defendant Tyler Campbell ("Campbell"); and the Court having considered the Complaint, the Motion, the supporting Memorandum of Points and Authorities, supporting declarations and exhibits, and other evidence and arguments presented to the Court:

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. Campbell is liable for disgorgement of $3,073,974, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,131,141.03, for a total of $4,205,115.03, jointly and severally with Relief Defendants INR Consulting LLC and Hidden Springs Holdings Group LLC. Campbell shall satisfy this obligation by paying $4,205,115.03 to the SEC within 30 days after the entry of this Final Judgment.

2. Campbell may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Campbell may also pay by certified check, bank cashier's check, or United States postal money order payable to the order of "Securities and Exchange Commission," which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK  73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Tyler Campbell as a Relief Defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

-3-

3. Campbell shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Campbell relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Campbell.

4. The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

5. The SEC may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action. Campbell shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

6. Pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended, a Fair Fund is created for the penalties, disgorgement, and prejudgment interest described above and shall be transferred to the Court-appointed Receiver for distribution to harmed investors until such time as the Receiver is discharged. The Court shall retain jurisdiction over the administration of any distribution of the Fund, and the Fund may only be disbursed by the Receiver pursuant to an Order of the Court.

7. Solely for the purpose of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Campbell, and further, any debt for disgorgement, prejudgment interest, civil penalty, or other amounts due by Campbell under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this

proceeding, is a debt for the violation by Campbell of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

8. This Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Final Judgment.

9. There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is **DIRECTED** to enter this Final Judgment forthwith and without further notice.

**IT IS SO ORDERED.**

Dated: August 18, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-5-