# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRATED NATIONAL RESOURCES, INC. dba WEEDGENICS, ROLF MAX HIRSCHMANN aka "MAX BERGMANN," and PATRICK EARL WILLIAMS,<br><br>Defendants, and<br><br>WEST COAST DEVELOPMENT LLC, INR CONSULTING LLC (WYOMING ENTITY), OCEANS 19 INC., AUTOBAHN PERFORMANCE LLC, ONE CLICK GENERAL MEDIA INC., OPUS COLLECTIVE, JOHN ERIC FRANCOM, INR-CA INVESTMENT HOLDINGS, LLC, MICHAEL DELGADO, TOTAL SOLUTION CONSTRUCTION LLC, BAGPIPE HOLDINGS LLC, BAGPIPE MULTIMEDIA LLC, TYLER CAMPBELL, | Case No. 8:23-cv-00855-JWH-KESx<br><br>**FINAL JUDGMENT AS TO RELIEF DEFENDANT MICHAEL DELGADO** |

| | |
|---|---|
| 1 | INR CONSULTING LLC |
| 2 | (CALIFORNIA ENTITY), HIDDEN SPRINGS HOLDINGS |
| 3 | GROUP LLC, and ALEXANDRIA PORTER BOVEE aka |
| 4 | "AIA MONTGOMERY," |
| 5 | Relief Defendants. |

The Securities and Exchange Commission (the "SEC") having filed a Complaint and Motion for Remedies against Relief Defendant Michael Delgado ("Delgado"); and the Court having considered the Complaint, the Motion, the supporting Memorandum of Points and Authorities, supporting declarations and exhibits, and other evidence and arguments presented to the Court:

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. Delgado is liable for disgorgement of $5,379,343, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,979,455.83, for a total of $7,358,798.83, jointly and severally with Relief Defendants Total Solution Construction LLC, Bagpipe Holdings LLC, and Bagpipe Multimedia LLC. Delgado shall satisfy this obligation by paying $7,358,798.83 to the SEC within 30 days after entry of this Final Judgment.

2. Delgado may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Delgado may also pay by certified check, bank cashier's check, or United States postal money order payable to the order of the "Securities and Exchange Commission," which shall be delivered or mailed to:

   Enterprise Services Center
   Accounts Receivable Branch
   6500 South MacArthur Boulevard
   Oklahoma City, OK  73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Michael Delgado as a Relief Defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

     3.     Delgado shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Delgado relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Delgado.

     4.     The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

     5.     The SEC may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action. Delgado shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

     6.     Pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended, a Fair Fund is created for the penalties, disgorgement, and prejudgment interest described above and shall be transferred to the Court-appointed Receiver for distribution to harmed investors until such time as the Receiver is discharged. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed by the Receiver pursuant to an Order of the Court.

     7.     Solely for the purpose of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Delgado, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Delgado under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Delgado of the federal securities laws or any regulation

or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

8. This Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Final Judgment.

9. There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is **DIRECTED** to enter this Final Judgment forthwith and without further notice.

**IT IS SO ORDERED.**

Dated: August 18, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-5-