1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 8:23-cv-00855-JWH-KESx |
| Plaintiff, | **FINAL JUDGMENT AS TO DEFENDANT ROLF MAX HIRSCHMANN AKA "MAX BERGMANN"** |
| v. | |
| INTEGRATED NATIONAL RESOURCES, INC. dba WEEDGENICS, ROLF MAX HIRSCHMANN aka "MAX BERGMANN," and PATRICK EARL WILLIAMS, | |
| Defendants, and | |
| WEST COAST DEVELOPMENT LLC, INR CONSULTING LLC (WYOMING ENTITY), OCEANS 19 INC., AUTOBAHN PERFORMANCE LLC, ONE CLICK GENERAL MEDIA INC., OPUS COLLECTIVE, JOHN ERIC FRANCOM, INR-CA INVESTMENT HOLDINGS, LLC, MICHAEL DELGADO, TOTAL SOLUTION CONSTRUCTION LLC, BAGPIPE HOLDINGS LLC, BAGPIPE MULTIMEDIA LLC, TYLER CAMPBELL, | |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INR CONSULTING LLC
   (CALIFORNIA ENTITY),
HIDDEN SPRINGS HOLDINGS
   GROUP LLC, and
ALEXANDRIA PORTER BOVEE aka
   "AIA MONTGOMERY,"

Relief Defendants.

The Securities and Exchange Commission (the "<u>SEC</u>") having filed a
Complaint and Motion for Remedies against Defendant Rolf Max Hirschmann
(aka "Max Bergmann") ("<u>Hirschmann</u>"); and the Court having considered the
Complaint, the Motion, the supporting Memorandum of Points and Authorities,
supporting declarations and exhibits, and other evidence and arguments
presented to the Court:

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1.      Hirschmann is **PERMANENTLY RESTRAINED** and
**ENJOINED** from violating, directly or indirectly, Section 10(b) of the
Securities Exchange Act of 1934 (the "<u>Exchange Act</u>"), 15 U.S.C. § 78j(b), and
Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means
or instrumentality of interstate commerce, or of the mails, or of any facility of
any national securities exchange, in connection with the purchase or sale of any
security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state
a material fact necessary in order to make the statements made, in
the light of the circumstances under which they were made, not
misleading; or

(c) to engage in any act, practice, or course of business which
operates or would operate as a fraud or deceit upon any person.

2.      As provided in Rule 65(d)(2) of the Federal Rules of Civil
Procedure, the foregoing Paragraph also binds the following who receive actual
notice of this Final Judgment by personal service or otherwise:

a.      Hirschmann's officers, agents, servants, employees, and
attorneys; and

b.      other persons in active concert or participation with
Hirschmann or with anyone described in Paragraph 2(a).

3.      Pursuant to Section 21(d)(1) and (5) of the Exchange Act, 15 U.S.C. § 78u(d)(1) and (5), and Section 20(b) of the Securities Act, 15 U.S.C. § 77t(b), Hirschmann is **PERMANENTLY RESTRAINED** and **ENJOINED** from, directly or indirectly, including but not limited to, through any entity owned or controlled by Hirschmann, participating in the issuance, purchase, offer, or sale of any security in an unregistered offering other than for his own personal accounts.

4.      Pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), Hirschmann is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

5.      Hirschmann is liable for disgorgement of $20,450,473, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $7,525,232.65, jointly and severally with Relief Defendants Oceans 19 Inc., Autobahn Performance LLC, One Click General Media Inc., and Opus Collective, and a civil penalty in the amount of $10,831,808, pursuant to Section 20(d) of the Securities Act , 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  Hirschmann shall satisfy this obligation by paying $38,807,513.65 to the SEC within 30 days after entry of this Final Judgment.

6.      Hirschmann may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Hirschmann may also pay by certified check, bank cashier's check, or United States postal money

order payable to the order of the "Securities and Exchange Commission,"
which shall be delivered or mailed to:

> Enterprise Services Center
>
> Accounts Receivable Branch
>
> 6500 South MacArthur Boulevard
>
> Oklahoma City, OK  73169

and shall be accompanied by a letter identifying the case title, civil action
number, and name of this Court; Rolf Max Hirschmann as a Defendant in this
action; and specifying that payment is made pursuant to this Final Judgment.

7.    Hirschmann shall simultaneously transmit photocopies of evidence
of payment and case identifying information to the SEC's counsel in this action.
By making this payment, Hirschmann relinquishes all legal and equitable right,
title, and interest in such funds and no part of the funds shall be returned to
Hirschmann.

8.    The SEC may enforce the Court's judgment for disgorgement and
prejudgment interest by using all collection procedures authorized by law,
including, but not limited to, moving for civil contempt at any time after 30 days
following entry of this Final Judgment.

9.    The SEC may enforce the Court's judgment for penalties by the
use of all collection procedures authorized by law, including the Federal Debt
Collection Procedures Act, 28 U.S.C. §§ 3001 *et seq.*, and moving for civil
contempt for the violation of any Court orders issued in this action.
Hirschmann shall pay post judgment interest on any amounts due after 30 days
of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

10.    Pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, as
amended, a Fair Fund is created for the penalties, disgorgement, and
prejudgment interest described above and shall be transferred to the Court-
appointed Receiver for distribution to harmed investors until such time as the

Receiver is discharged.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed by the Receiver pursuant to an Order of the Court.

11.    Amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Hirschmann shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based upon Hirschmann's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Hirschmann's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Hirschmann shall, within 30 days after entry of a final order granting the Penalty Offset, notify the SEC's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the SEC directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment.  For the purpose of this Paragraph, a "Related Investor Action" means a private damages action brought against Hirschmann by or on behalf of one or more investors based upon substantially the same facts as alleged in the Complaint in this action.

12.    Solely for the purpose of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Hirschmann, and further, any debt for disgorgement, prejudgment interest, civil penalty, or other amounts due by Hirschmann under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Hirschmann of the federal securities

laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

13. This Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Final Judgment.

14. There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is **DIRECTED** to enter this Final Judgment forthwith and without further notice.

**IT IS SO ORDERED.**

Dated:  August 18, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE